IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIBRIL BANGURA,<br><br>    Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL STATE OF NEW JERSEY, ET AL.,<br><br>    Respondents. | Civil Action<br>No. 14-2508 (PGS)<br><br>**MEMORANDUM OPINION** |

**SHERIDAN, District Judge**

1.    On April 7, 2014, Petitioner Gibril Bangura submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1).

2.    The Court ordered an answer from Respondents on June 12, 2014. (ECF No. 5).

3.    Respondents answered the petition and raised Petitioner's failure to exhaust his claims in the state courts as an affirmative defense. (ECF Nos. 7-12).

4.    On July 19, 2017, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 15).

5.    The order was returned as undeliverable on August 10, 2017. (ECF No. 16).

6.    Local Civil Rule 10.1(a) requires unrepresented parties to notify the Court of any change in address within 7 days. The Rule further provides that, failure to file such notice "may result in the imposition of sanctions by the Court." *Id.* Indeed, failure to apprise the Court of an address change may result in the outright dismissal of the case for failure to proceed, or an administrative termination of the action without prejudice. *See, e.g., Boretsky v. Corzine*, No. 08-

2265, 2008 WL 2512916 (D.N.J. June 23, 2008); *Allebach v. Cathell*, No. 06-5005, 2009 WL 2147145 (D.N.J. July 15, 2009).

7. The Court will administratively terminate the proceedings without prejudice to Petitioner's right to reinstate this action by submitting a notice of change of address within 30 days.

8. An appropriate Order follows.

9/25/18
Date

PETER G. SHERIDAN
U.S. District Judge